**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1660-22

HALEY H. NEEMAN,

    Plaintiff-Appellant,

v.

WESTOVER COMPANIES,
and WRV APARTMENT
ASSOCIATES, L.P., d/b/a
WILLOW RIDGE VILLAGE
APARTMENTS,

    Defendants-Respondents.

_____

Argued October 25, 2023 – Decided July 19, 2024

Before Judges Gummer and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Docket No. L-1319-19.

Michael Confusione argued the cause for appellant (Hegge & Confusione, LLC, attorneys; Michael Confusione, of counsel and on the briefs).

Caitlin F. Andreotta argued the cause for respondents (Devlin Associates, PC, attorneys; Caitlin F. Andreotta, on the brief).

PER CURIAM

Plaintiff Haley Neeman appeals from a January 20, 2023 order denying reconsideration[1] of her motion to seal all records related to her then-settled personal-injury lawsuit against defendants Westover Companies and WRV Apartment Association LP based on her claims the records contained her confidential personal identifiers and placed her at risk of harm because they are publicly accessible on eCourts. Defendants take no position on the merits of the substantive issues before us on appeal.[2] Having considered plaintiff's arguments, the record, and applicable law, we affirm.

We glean the following facts from the limited record submitted by plaintiff in support of her appeal, the transcript of the argument on the motion to seal, and the trial court's oral decision. Plaintiff had sued defendants, claiming she suffered personal injuries resulting from exposure to mold and

---

[1] On or about December 14, 2022, plaintiff sent the court a pro se motion to seal the record in camera, titled "Motion to Seal (w/New Evidence)," while still represented by her third counsel. As we later explain, this was plaintiff's second motion to seal, and the court framed this motion as a reconsideration of its denial of plaintiff's initial motion to seal.

[2] Defendants maintain they filed a letter brief for the sole purpose of ensuring that the record is clear that they deny any and all contentions made by plaintiff regarding any alleged improper or unethical actions.

A-1660-22

mold spores that were allegedly present in her apartment. While that case was pending in the Law Division, plaintiff filed the first of what would become two motions to seal the entire record, claiming the disclosure of her personal information, including her address, date of birth, social security number and other personal information, placed her at risk of harm. The court denied plaintiff's motion, and the parties consented to the entry of a protective order. Plaintiff did not appeal the order denying her motion.[3]

In the protective order, entered on February 15, 2022, the parties agreed that plaintiff's confidential personal identifiers "including current and former addresses, phone numbers, social security number, date of birth, driver's license numbers, medical records numbers, patient account numbers, and insurance identification number . . . shall be redacted from otherwise public filings on the eCourts system." The parties further agreed they would "file any medical records, disability records, social security records and/or education record[s]

---

[3] This record does not contain a copy of the court's order denying plaintiff's first motion to seal all records; however, the court referred to its denial of that motion in its oral decision on her second motion to seal the record, which the court sua sponte considered as a motion to reconsider, the disposition of which is the subject of this appeal.

attached as exhibits to any filings as confidential documents on the eCourts system."

After plaintiff settled her personal-injury lawsuit with defendants and the court dismissed her complaint in an order entered on March 31, 2022, plaintiff filed a pro se second motion to seal the record, titled "Motion to Seal (w/New Evidence)," along with a certification in support of her motion. In her certification, plaintiff asserted that "[t]his motion is about very serious safety issues, and very significant dangerous damages, all directly causally related to this case and filings." According to plaintiff, "public filings" from the underlying personal-injury action "included all of [her] confidential, sensitive, private . . . and HIPAA protected information."[4] And, plaintiff further claimed that "[a]s a result of the publication of [her] medical, personal, [identifiers], and confidential information, [she] received threatening and harassing phone calls from unknown individuals, cyber criminals, and some likely [from harmful] people in [her] past."

Plaintiff claimed to have been physically assaulted as a result of the publicly available information and also alleged medical identity theft. She

---

[4]  We understand "HIPAA" in plaintiff's certification refers to the Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. §§ 1320d-1 to -9.

maintained that as a result of the improper exposure of her health records, her health-insurance company had closed her "entire account and reissued [to her] a totally new account number as they told [her] they fear [that her] previous account had been compromised beyond repair." Plaintiff further claimed she was "immediately instructed by the Social Security Administration, Federal Trade Commission, and the police to put freezes and alerts on all credit bureaus and accounts" and that as a result of "these improper disclosures, [her] personal [identifiers] . . . [are] now being continually sold to data brokers and criminals."

At oral argument on plaintiff's pro se motion to seal the record, the court noted that it had considered the same request in plaintiff's previous motion and had denied it. The court asked plaintiff a series of questions to ascertain what, if any records, had been improperly filed in contravention of the February 15, 2022 protective order, stating, "what I really need to know is—if I'm going to remove something from the record, I need to know what it is I'm removing from the record" and asking plaintiff to identify "specific items in the court file that you think warrant being removed from the file." On more than one occasion, plaintiff asserted that she did not have all of the files—the records she maintains were publicly available—but, referring to eCourts stated, "[i]t's throughout all of the filings. It has all of that information, all of my medical information."

A-1660-22

Unable to secure clear responses to its request for plaintiff to specifically identify the records she claimed were publicly available that included her confidential personal identifiers, the court took a break in the proceedings. The court remarked, "I'm going to have you log onto the website [to] see where – if you can point me directly to whatever you think needs to come off and I'll give you a couple of minutes to do that[.]" When the hearing recommenced, the court reviewed a May 24, 2021 consent order and two exhibits attached to the consent order— a four-page excerpt of a deposition transcript and two-page excerpt of plaintiff's answers to interrogatories; on both documents, plaintiff's personal information had been redacted. The court noted that "it's only a small piece of the deposition transcript, it's only a small piece of the answers to interrogatories, and even within that—those small pieces, we have your date of birth being redacted, we have your social security number being redacted."

The court also reviewed additional documents in the court record and specifically noted that plaintiff's amended complaint did not contain any confidential personal identifiers, finding[5]:

---

[5]  As previously stated, the record on appeal does not include the pleadings, submissions, or transcripts from the underlying personal-injury action. We therefore limit our discussion of the filings in the underlying personal-injury action to those expressly referenced by the motion court or plaintiff in

6

It has your name. It has that you lived at the Willow Ridge 1 Village Apartments, which it needs to have in order to bring the claim that you brought here, the dates that you occupied that property. . . . It does not go into any information about, you know, who your medical providers were. It does not list a social security number. It speaks on very general terms about the medical consequences here and I have to tell you, based on my review of this record, this is the most detailed document that we have in the record that I'm aware of.

After reviewing the documents, the court noted it had "previously scrutinized the issue" when it denied plaintiff's initial motion to seal. The court also noted it had "recognized back on January 7[] that there could be a protective order to protect [plaintiff's] concerns moving forward[.]" Because this was plaintiff's second motion to seal records, the court determined the motion constituted a motion for reconsideration. Accordingly, referring to its prior order denying plaintiff's first motion to seal, the court concluded it "cannot find that it previously expressed its decision on either a palpably incorrect or irrational basis or that it was obvious that the [c]ourt failed to consider or failed to appreciate probative competent evidence."

connection with the court's review of plaintiff's motion to seal. See R. 2:6-1(a)(1)(A) and (I) (requiring an appellant include in the appendix on appeal all pleadings filed in a civil action as well as "such other parts of the record . . . as are essential to the proper consideration of the issues").

The court further noted that it did not dispute the harm plaintiff claimed to have suffered but that without plaintiff identifying specific parts in the record "that somehow displayed to [it] that some privacy concerns were at issue," it could not grant the motion. The court found that based on its review, it could not find any documents on eCourts that contained confidential personal identifiers that had been covered by the prior protective order. The court also noted that the parties' settlement agreement was covered by the protective order and that it had entered a redacted settlement order because of plaintiff's privacy concerns.

The court concluded it could not "find that there is anything further that would need to be removed from this record or that there is any basis or good cause for sealing the record as a whole given the presumption of public access." Framing plaintiff's application as a motion for reconsideration, the court stated it was:

> satisfied that even with the discussions on the motion to enforce settlement, any settlement discussions, most of which were done off of the record, . . . at no time was there any private information of [plaintiff] included. There was not any social security number, any birth date, any medical information that was contained therein. So even if someone were to come to the court and ask to obtain a transcript at their own expense of the motion hearings or anything surrounding the settlement that went on the record, there is nothing

8

contained in those proceedings that is in any way confidential or has a private identifier in there that would be at issue. So for all of the foregoing reasons, I find that it's appropriate to deny what is really a motion for reconsideration of the motion to seal or to otherwise—I find it otherwise inappropriate to grant the motion to seal given, as I've said, the presumption of public access and the fact that there is not good cause.

This appeal followed. On appeal, plaintiff argues the court abused its discretion by denying her motion to seal the record on eCourts because she had demonstrated that "disclosure has and will likely continue to cause a clearly defined and serious injury to [her]." Plaintiff maintains that her "interest in privacy, and avoiding the continuing harms she has been suffering because of the public disclosure, substantially outweighs the presumption of public access[.]" More particularly, plaintiff also asserts her "personal, private information all remain accessible" on eCourts, including:

> HIPAA protected medical information referencing symptoms, conditions, and treatments, confidential Social Security disability information, health insurance information, education information (including names, addresses, dates and how long at each school), prior addresses of residence, and many other [identifiers] . . . for anyone to obtain and steal plaintiff's identity or harass or harm her.

We begin by acknowledging the presumption of public access to documents and materials filed in a civil action. <u>Hammock by Hammock v.</u>

9                                                                                      <span>A-1660-22</span>

Hoffmann-LaRoche, 142 N.J. 356, 380 (1995). The presumption may be rebutted by showing "[d]isclosure will likely cause a clearly defined and serious injury to any person" and "[t]he person's . . . interest in privacy substantially outweighs" the need for access. R. 1:38-11(b). The question whether to seal documents is left to the trial court's discretion. Hammock, 142 N.J. at 380. Thus, we review the trial court's ruling for abuse of discretion. An abuse of discretion occurs when the court's decision is made without rational explanation, inexplicably departs from established policies, or rests upon an impermissible basis. Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002).

Rule 1:38-11(a) provides a court may seal a document in the record upon a showing of "good cause." R. 1:38-11(a). "The moving party shall bear the burden of proving by a preponderance of the evidence that good cause exists." Ibid. Subsection (b) provides that good cause exists when:

> (1) Disclosure will likely cause a clearly defined and serious injury to any person or entity; and
>
> (2) The person's or entity's interest in privacy substantially outweighs the presumption that all court and administrative records are open for public inspection pursuant to [Rule] 1:38.
>
> [Ibid.]

A-1660-22

Good cause must be "substantiated by 'specific examples or articulated reasoning.'" In re Application of T.I.C.-C. to Assume the Name of A.B.C.-C., 470 N.J. Super. 596, 608 (App. Div. 2022) (quoting Hammock, 142 N.J. at 381-82). The court should engage in "'[a] flexible balancing process adaptable to different circumstances . . . to determine whether the need for secrecy substantially outweighs the presumption of access.'" Ibid. (quoting Hammock, 142 N.J. at 381).

In addition, "[t]he party attempting to show that 'secrecy outweighs the presumption' of discoverability must be 'specific[] as to each document[.]'" Capital Health Sys. v. Horizon Healthcare Servs., 230 N.J. 73, 80 (2017) (alteration in original) (emphasis omitted) (quoting Hammock, 142 N.J. at 381-82). And, the judge "must examine each document individually and make factual findings with regard to why the presumption of public access has been overcome." Hammock, 142 N.J. at 382.

We review the court's denial of plaintiff's post-settlement motion for reconsideration—as the court properly determined plaintiff's second motion to seal constituted a motion for reconsideration under Rule 4:49-2—for abuse of discretion. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021); Kornbleuth v. Westover, 241 N.J. 289, 301 (2020). Reconsideration is reserved

for instances in which the court's ruling is premised upon a palpably incorrect or irrational basis, or the court did not consider or failed to appreciate the significance of probative, competent evidence. Fusco v. Bd. of Educ. of City of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002).

A court may "in the interest of justice" consider new evidence on a motion for reconsideration only when the evidence was not available prior to the decision by the court on the order that is the subject of the reconsideration motion. D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990); see also Palombi v. Palombi, 414 N.J. Super. 274, 289 (App. Div. 2010) (finding that facts known to party prior to entry of an original order did not provide an appropriate basis for reconsideration); Fusco, 349 N.J. Super. at 462 (finding a party is not entitled to reconsideration where evidence was available but not submitted to the court on the motion for the original order).

Plaintiff does not challenge the court's determination that her second motion to seal records should properly be considered Rule 4:49-2 a motion for reconsideration of the court's denial of her initial motion to seal records.

Measured against these legal principles, we cannot find the court abused its discretion by denying plaintiff's motion on an irrational basis, made its

decision without rational explanation, or inexplicably departed from established policies. We therefore affirm.

In reaching this decision, we are persuaded that the court demonstrated great care in its consideration of plaintiff's claim she was at risk of harm because documents containing confidential personal identifiers were publicly available on eCourts—as plaintiff argued she had already suffered physical and psychological injury as a result of the public availability of this information. The court afforded plaintiff every opportunity to support her contentions by identifying specific records of concern. In spite of the court's efforts, however, plaintiff was unable to identify any such records with her personal and confidential identifiers, other than the fact that her prior address was listed on her personal injury complaint and appeared at times in the record.

Addressing the fact that her prior address appeared at times in the record, the court determined the inclusion of plaintiff's prior address was "a necessary part of the record" because plaintiff had made claims with regard to the condition of that property and it had previously found that the presumption of public access outweighed any issues with the record and weighed against sealing the record as a whole. We agree and conclude there is no abuse of discretion in the

13

court's determination plaintiff's prior address was a necessary part of her personal-injury complaint against defendants.

With respect to the other records plaintiff specifically presented to the court, including excerpts from her deposition testimony and answers to interrogatories, the court found those records had been appropriately redacted to remove her social security number and date of birth, and thus, they did not provide support for her request. The record provides no basis to reject the court's finding.

On appeal, plaintiff offers eight examples of records she claims are available on eCourts that contain her confidential personal identifiers: a "Certification of Counsel in Response and Opposition to Quash Subpoenas," filed on March 25, 2021; a Reply Brief, filed on October 14, 2021; the "Consent Order to Replace Documents," filed on May 24, 2021; the "Notice of Motion to Quash Subpoenas," filed on March 16, 2021; a "Notice of Motion to Compel Discovery," filed on August 10, 2021; the "Memorandum of Defendants," filed on May 12, 2020; a "Reply Brief," filed on March 29, 2021; and the "public hearing transcripts of the Settlement Conference" from January 2022 and the "Motion to Enforce Settlement" from July 2022. We note, however, that none of these records are included in the record before us; thus, we cannot properly

review plaintiff's claims that these records contain her confidential personal identifiers. Plaintiff's failure to provide the records prevents any reasoned disposition of her arguments. See Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005) (explaining a reviewing court is not "obliged to attempt review of an issue when the relevant portions of the record are not included").

Plaintiff further argues there are multiple references to her confidential personal identifiers embedded within the court's recording of her "Settlement Conference" and "Motion to Enforce Settlement." Plaintiff includes a single page in her confidential appendix, that refers to a transcript of the settlement hearing, but she does not provide a stenographic transcript of the proceeding. Absent either transcript—to the settlement conference and motion to enforce settlement—and lacking any proofs in support of her claims, we cannot discern whether any personal identifiers remain in any publicly available court transcripts and recordings as claimed. See R. 2:5-4 (explaining that the record on appeal "shall consist of . . . the stenographic transcript or statement of the proceedings therein"). And, in the absence of any such proofs, we reject plaintiff's claim. See Cmty. Hosp. Grp., Inc., 381 N.J. Super. at 127.

A-1660-22

Here, we are convinced the court properly considered plaintiff's motion as a motion for reconsideration under <u>Rule</u> 4:49-2 and found her presentation lacking in proofs supporting her claims. Plaintiff could not produce any records in support of her contention that documents containing confidential personal identifiers are publicly available on eCourts so as to warrant reconsideration of the court's prior decision, or that there are records on eCourts in contravention of the parties' protective order. Again, absent any such proofs, we conclude the court did not abuse its discretion in denying plaintiff's motion for reconsideration.

To the extent we have not expressly addressed any arguments presented by plaintiff, we have determined they are not of sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1660-22